```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JOAN VALENTE,

                                    Plaintiff,

         -against-


THE UNITED STATES OF AMERICA, and
THE UNITED STATES POSTAL SERVICE


                                    Defendants.
----------------------------------------------------------------------X
```

For Online Publication Only

**ORDER**
17-CV-03853 (JMA) (JMW)

FILED
CLERK
2:08 pm, Mar 15, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Plaintiff Joan Valente ("Plaintiff") brings this negligence action against the United States of America and the United States Postal Service ("USPS," and together, "Defendants") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2401(b) and 2671–80, seeking damages for injuries that she suffered when she fell at a United States Post Office located at 10 Main Street, East Rockaway, New York. (See ECF No. 3.)

On April 1, 2022, Defendants filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3), or in the alternative, for summary judgment under Federal Rule of Civil Procedure 56(c). (ECF No. 38.) The Court referred the motion to Magistrate Judge James M. Wicks for a report and recommendation ("R&R"). (Electronic Order dated Oct. 20, 2022.)

In a R&R issued on February 8, 2023, Magistrate Judge Wicks recommends that the Court grant Defendants' motion in its entirety. (ECF No. 42.) Specifically, Magistrate Judge Wicks recommends that: (1) the Court grant Defendants' motion to dismiss because the FTCA's independent contractor exception divests this Court of subject matter jurisdiction, and (2) in the alternative, the Court grant Defendants' motion for summary judgment on Plaintiff's negligence

claim because she has not raised a genuine issue of material fact that would preclude judgment for Defendants as a matter of law.[1] (R&R 10, 18.) Plaintiff filed objections to the R&R (ECF No. 44, "Pl.'s Obj."), to which Defendants responded (ECF No. 45, "Defs.' Resp.").

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd sub nom. Coyne v. Amgen, Inc., 717 F. App'x 26 (2d Cir. 2017). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error.[2] See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court finds no clear error in the portions of the R&R to which there are no objections. Next, the Court turns to the portions of the R&R to which Plaintiff has objected.

First, Plaintiff asserts that her complaint should not be dismissed for lack of subject matter jurisdiction because, contrary to Magistrate Judge Wicks' recommendation, the FTCA's independent contract exception does not apply. (Pl.'s Obj. at 10–16.) In support of this objection, Plaintiff argues that "precedent require[s] examination of the actual terms of the alleged contract" in order for the independent contractor exception to apply. (Id. at 2.) She contends that because a

---

[1] Magistrate Judge Wicks also recommends that USPS be dismissed as a defendant because "the United States itself is the only proper defendant in this [FTCA] action, not [ ] USPS." (R&R at 10.) In response, Plaintiff agrees that she "will stipulate to the amendment of the caption to list the United States as the only defendant." (Pl.'s Obj. at 2 n.2.) Accordingly, USPS is dismissed from the case.

[2] Defendants argue that Plaintiff's objections "are general and conclusory," and therefore the Court should review those portions of the R&R only for clear error. (Defs.' Resp. at 5 (citing Carter v. Fresenius Kabi USA, LLC, No. 19-CV-1183, 2022 WL 2045359, *1 (W.D.N.Y. June 7, 2022).) The Court need not decide this issue because even after subjecting those portions of the R&R to de novo review, the Court concludes that Plaintiff's objections are meritless.

2

complete contract between USPS and the third-party cleaning company, Creative Management Technology ("CMT") was not produced in discovery[3], the exception cannot apply here. (Id. at 10–14.) However, plaintiff cites to no authority providing such a rule, and the Court has found none. Instead, the Court agrees with the R&R's finding (see R&R at 13–17), that other undisputed evidence in the record—namely, portion of the CMT contract produced (ECF No. 38-10), as well as the testimony of Postmaster Philip and Postal Clerk Ceant (ECF Nos. 38-9, 38-11)—establishes that USPS did not, under its janitorial services contract with CMT, "direct and control the detailed physical performance of [CMT]." Korotkova v. United States, 990 F. Supp. 2d 324, 327 (E.D.N.Y. 2014) (internal quotation marks and citation omitted). As a result, Defendants have established that the independent contractor exception applies, such that Plaintiff's claim falls outside the scope of the FTCA's limited waiver of sovereign immunity. Accordingly, the Court lacks subject matter jurisdiction over this case.

Second, Plaintiff raises three arguments which, she contends, demonstrate that summary judgment is not warranted on her negligence claim. (Pl.'s Obj. at 17–22.)

Plaintiff first asserts that the R&R "does not treat the current standards for property owners and lessees in the Second Department." (Pl.'s Obj. at 18.) As the Court can best discern, Plaintiff's specific objection appears to be that the "general inspection testimony" offered by Defendants "does not meet [Defendants'] burden on lack of constructive notice under New York law." (Id. at 19.) Plaintiff's objection—copied verbatim from her opposition brief—misunderstands applicable law and thus completely misses the mark. As Magistrate Judge Wicks explained in the R&R, "[t]hough liability itself is determined pursuant to the substantive law of the state, the '[t]he procedural aspects of an FTCA action are governed by federal law.'" (R&R at 19 (quoting Bogery

---

[3]  Defendants note that Plaintiff never sought to compel production of a complete copy of the contract at issue, nor has Plaintiff argued that she attempted, unsuccessfully, to obtain the full contract from CMT. (Defs.' Resp. at 6 n.3.)

v. United States, No. 17-CV-6996, 2018 WL 4265901, at *3 (S.D.N.Y. Sept. 6, 2018).)  Indeed, "[i]n contrast to New York law for slip-and-fall cases, under federal law, the moving party need not make any affirmative prima facie showing on a motion for summary judgment, and may discharge its burden of proof merely by pointing to an absence of evidence to support an essential element of Plaintiff's claim."  Bogery, 2018 WL 4265901, at *3 (internal quotation marks and citation omitted); see also Ellison v. Stop & Shop Supermarket Co. LLC, No. 21-CV-22, 2022 WL 4238266, at *4 (E.D.N.Y. Sept. 14, 2022) (same).  Thus, after Defendants pointed to the absence of evidence regarding notice of the condition, (see ECF No. 39-1 at 28), the burden shifted to Plaintiff to demonstrate that Defendants "had actual or constructive notice of the condition," and "failed to correct it within a reasonable time after acquiring such knowledge."  Bogery, 2018 WL 4265901, at *3 (citation omitted).  The Court agrees with the R&R's finding that Plaintiff failed carry her burden, as she has not raised any evidence that Defendants had actual or constructive notice of the alleged condition.  (R&R at 29–30.)

Next, Plaintiff objects to the R&R on the ground that the R&R "did not treat the unavailability of the mats which warrants an adverse inference against the defendant on the liability issues." (Pl.'s Obj. at 19.)  However, "[e]ven if an adverse inference were warranted in this case . . . an adverse inference standing alone may not defeat a motion for summary judgment in the absence of some other, 'not insubstantial' evidence of a triable issue of fact." Valenti v. Penn Mut. Life Ins. Co., 850 F. Supp. 2d 445, 453–54 (S.D.N.Y. 2012), aff'd, 511 F. App'x 57 (2d Cir. 2013) (quoting Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 107 (2d Cir. 2001)).  Because Plaintiff has not raised any other evidence of a triable issue of fact, her request for an adverse inference is unavailing.[4]

---

[4]   Plaintiff also argues that the report of her proffered expert, Brian Brady, "should be admitted."  (Pl.'s Obj. at 19.)  However, Magistrate Judge Wicks considered Brady's report in the R&R and ultimately found that it was unpersuasive and insufficient to raise a genuine dispute of

Finally, Plaintiff objects to the R&R's conclusion that any purported defect was trivial as a matter of law and therefore insufficiently "hazardous or dangerous" to support her negligence claim. (Pl.'s Obj. at 21–22.) However, she fails to distinguish Coyle v. United States, 954 F.3d 146 (2d Cir. 2020), which is directly on point and controls here. The Court agrees with the R&R (R&R at 25–28), that applying the Second Circuit's reasoning in Coyle, 954 F.3d at 149–50, the mats were "simply not a sufficiently dangerous condition to constitute negligence," as a matter of law. Id. at 150 (citing Hutchinson v. Sheridan Hill House Corp., 26 N.Y.3d 66, 78–79 (2015)).

Accordingly, the Court agrees with the R&R that even if subject matter jurisdiction existed, summary judgment would be warranted in Defendants' favor. Because the Court previously concluded that Defendants' motion to dismiss for lack of subject matter jurisdiction should be granted, Defendants' motion for summary judgment is denied as moot.

After conducting a de novo review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court agrees with Magistrate Judge Wicks' recommendations, and therefore adopts the well-reasoned R&R in its entirety as the opinion of the Court. Plaintiff's objections to the R&R are OVERRULED, Defendants' motion to dismiss for lack of subject matter jurisdiction is GRANTED, and Defendants' motion for summary judgment is DENIED as moot.

The Clerk of Court is respectfully directed to enter judgment accordingly and to thereafter close this case.

---

material fact. (See R&R at 21–22, 26–27.) Plaintiff does not object to this determination, and the Court does not find it "clearly erroneous."

5

**SO ORDERED.**

Dated:  March 15, 2023
Central Islip, New York

                                                                    /s/   (JMA)
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE